**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**AMARA JUWARA,**

      **Petitioner,**

**vs.**                                   **4:10cv495-SPM/WCS**

**UNITED STATES OF AMERICA, and
and LARRY CAMPBELL,**

      **Respondents.**

_____/

## REPORT AND RECOMMENDATION

Pursuant to court order, doc. 3, Petitioner filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, and an amended motion to proceed in forma pauperis. Docs. 4 and 5. Petitioner is currently being held at the Leon County Jail.

Section 2241 is the correct avenue of relief (rather than a petition pursuant to 28 U.S.C. § 2254) as Petitioner is apparently in custody on pending charges, and has not yet been convicted in state court. *See* Stacey v. Warden, Apelike Correctional Inst., 854 F.2d 401, 403, and n. 1 (11th Cir. 1988), *citing* Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973) *and* Dicker son v. Louisiana, 816 F.2d

220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956 (1987).  He has been convicted in federal

court, but was released from his term of imprisonment.  Doc. 5, p. 2 (indicating

conviction in Middle District of Florida).[1]

Petitioner asserts that the current charges are based on false allegations by a

girlfriend, and officers have not sufficiently investigated but are discriminating against

him because they want to have him deported.  Doc. 5, p. 3.  He asserts the officer used

his past criminal history, for which he had already been punished, to bring charges

against him in denial of due process.  *Id.*  Petitioner asserts that without probable cause

an officer stopped and asked for his license while he was sitting in or exiting his illegally

parked car, arrested him without advising him of his rights, and illegally seized his

property.  *Id.*, pp. 4-5 and attached pages (pp. 4-7 as scanned in ECF) (Electronic Case

Filing).  He asserts he was charged with a violation of an injunction when there was no

injunction in place; that "Exhibit B shows that the injunction on 9/27/10 and police

charged me with the violation of 10/31/10."  *Id.*, p. 5.  He claims his girlfriend wanted to

drop the charges but was threatened with perjury charges for recanting a statement.

*Id.*, attached page (p. 6 in ECF).  Petitioner alleges that officers relied solely on the

---

[1] According to the docket in the Middle District case, 3:05cr346-TJC-TEM-1
(available in PACER) (Public Access to Electronic Records), Petitioner pleaded guilty to
making a false, fictitious and fraudulent statement and representation in a matter within
the jurisdiction of the United States Government.  Doc. 70 in that case.  Judgment
following revocation of supervised release was entered on the docket on January 26,
2009, sentencing Petitioner to one year and one day imprisonment, to be followed by 24
months supervised release.  Doc. 86 in that case.  An amended judgment was entered
on June 7, 2010 (following remand), sentencing Petitioner to twelve months of
imprisonment (i.e., one less day imprisonment), and the court noted that Petitioner had
completed his term of imprisonment and was currently on supervised release.  Doc. 97
in that case.  It is unknown if the offense conduct (resulting in his current jail
confinement) will result in another revocation, though a hold has been placed on
Petitioner for the violation.  *See infra*, n. 2.

girlfriend's statements, and did not obtain a warrant prior to interrogating and searching

him.  *Id.*, attached pages (pp. 6-7 in ECF).

> For relief:
>
> Petitioner prays for the false charges to be dismissed, and for the federal
> hold to be lifted and for probation to be reinstated.  Petitioner requests for
> any other relief to which he may be entitled.  Petitioner prays to be
> discharged and released.

*Id.*, p. 6 (p. 8 in ECF).

Attached in support of the petition is  with a statement to police and a notice of

voluntary dismissal, both signed by LaShondra Ardley on September 27, 2010.  Doc. 5,

Exs. A and B (pp. 9-11 in ECF) (the statement was attached to an incident report of the

same day, Ex. A, pp. 1-2).  On that date Ardley said that she and Petitioner had "come

to [an] agreement with understanding," and that he "has learned a lesson with talking

with family and looking back over the past."  *Id.*, Ex. A, p. 2 (p. 10 in ECF).  She

explained he was a good student and father, that they loved each other, and "[i]t was

just an argument."  *Id.*  As set forth on the incident report (to which her statement was

attached), Officer Fox "advised Ms. Ardley based on the initial allegations, and this

incident being domestic, that this would need to go through the State Attorney's Office

before that decision [to drop charges] could be made."  *Id.*, Ex. A, p. 1 (p. 9 in ECF).

According to the web site for the Leon County Sheriff's Office

(http://lcso.leonfl.org/jailinfo), Petitioner is currently held on eight or nine separate

counts.[2]  Ardley's request to dismiss charges on September 27 could only seemingly be

---

[2] One is listed as a "federal hold/VOP – making a false, fictitious & fraudulent
statement & representation in a manner [sic, matter] w/in the jurisdiction of the US
Govt."  It is clearly not a separate state charge, but a hold placed for the potential
violation of supervised release in the Middle District case.  *See supra*, n. 1.

exculpatory as to two of them, as the rest are listed with an offense date of October 31,

2010.[3]  Regardless of any potential merit, however, the petition should be summarily

dismissed.

Habeas corpus relief is available to a pretrial detainee only if the petitioner is in

custody for purposes of § 2241, has exhausted his state court remedies, and "special

circumstances" justify federal review.  Dickerson, 816 F.2d at 224-27; Braden, 410

U.S. at 489-91, 93 S.Ct. at 1126-27.  The third requirement is based on the well

established principle "that habeas corpus does not lie, absent 'special circumstances,' to

adjudicate the merits of an affirmative defense to a state criminal charge prior to a

judgment of conviction by a state court."  410 U.S. at 489, 93 S.Ct. at 1127, *quoting* Ex

parte Royal, 117 U.S. 241, 253, 6 S.Ct. 734, 741, 29 L.Ed. 868 (1886).

In Braden, the Court found that the petitioner could proceed by habeas corpus

because he sought to enforce the state's obligation to bring him to trial, and did not

proceed in an attempt "to abort a state proceeding or to disrupt the orderly functioning

of state judicial processes."  410 U.S. at 491, 93 S.Ct. at 1128.  Thus, while a state

petitioner's request to force the state to trial may proceed by pretrial § 2241 petition, his

request to dismiss charges or otherwise prevent prosecution may not, absent a showing

of "special circumstances."  Dicker son, 816 F.2d at 226-27, *discussing* Braden and

Brown v. Estelle, 530 F.2d 1280 (5th Cir. 1976) (other citation omitted).  Denial of the

---

[3] They therefore are dated after Ardley's request to dismiss charges attached to the
petition.  There are two counts for offenses allegedly committed on September 20, 2010
(aggravated battery with a deadly weapon and false imprisonment with a deadly
weapon), with a booking date of November 16, 2010.  The remaining state counts, all
with an offense date and booking date of October 31, 2010, are for felony battery, grand
theft, violation of repeat violence injunction, violation of domestic violence injunction,
domestic assault, and petty theft.

right to a speedy trial is not such a "special circumstance." 816 F.2d at 227 (citations

omitted).  *See also*, Kowalski v. Watkins, 544 F.2d 762, 765-66 (5th Cir. 1977) (applying

the Younger abstention doctrine to federal habeas corpus petition, as "[there is no

practical difference between granting federal habeas relief from a pending state criminal

trial and enjoining the same trial.").[4]

Petitioner appears to be in custody for § 2241 purposes, but he has not

exhausted state remedies or alleged any special circumstances justifying relief at this

time, before he has been convicted in state court.

It is therefore respectfully **RECOMMENDED** that the amended 28 U.S.C. § 2241

petition be **SUMMARILY DISMISSED WITHOUT PREJUDICE**.

**IN CHAMBERS** at Tallahassee, Florida, on December 21, 2010.


s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] Pursuant to Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971)
and Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971) (decided the
same day),  federal courts should abstain from granting injunctive or declaratory relief
affecting a state criminal prosecution absent a showing of bad faith prosecution,
harassment, or other unusual circumstances which call for equitable relief.  Kowalski,
544 F.2d at 764-65 (footnotes and other citations omitted).  Irreparable injury does not
include injury which is incidental to every prosecution brought lawfully and in good faith.
401 U.S. at 46, 49, 91 S.Ct. at 751, 753; 544 F.2d at 765, n. 6 (citing Younger and
discussing possible circumstances where irreparable injury might be shown, other
citations omitted).

## <u>NOTICE TO THE PARTIES</u>

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**